1622 LOCUST STREET   |   PHILADELPHIA, PA 19103-6305   |   PHONE: 215/875-3000   |   FAX: 215/875-4604   |   WWW.BERGERMONTAGUE.COM



**Patrick F. Madden**

WRITER'S DIRECT DIAL | 215/875-3035

WRITER'S DIRECT FAX | 215/875-4604

WRITER'S DIRECT E-MAIL | pmadden@bm.net

November 11, 2013

**VIA ELECTRONIC MAIL**

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall Unites States Courthouse
40 Foley Square, Room 435
New York, New York 10007

    Re:   <u>*Gilmour v. HSBC Bank (USA), N.A.*, **No. 1:13-cv-5896-ALC**</u>

    Plaintiff hereby responds to the November 6, 2013 letter submitted by Defendants American Security Insurance Company ("ASIC") and Assurant, Inc. (together, "Assurant") requesting a pre-motion conference in connection with an intended motion to transfer this action to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a).[1]  For the reasons detailed in this letter, Plaintiff will oppose Assurant's intended motion to transfer.

    **Plaintiff's Chosen Forum is Proper.**  Plaintiff's decision to file in this District should be upheld.  Several Defendants,[2] including Assurant, Inc., are headquartered and/or hold their principal place of business in this District.[3]  As a result, many of the corporate policies at issue were formulated

---

[1] Assurant tacitly admits that this forum is proper by bringing this motion under 28 U.S.C. § 1404 (permitting change of venue for the convenience of parties and witnesses or in the interests of justice) and not 28 U.S.C. § 1406 (requiring dismissal or transfer of venue where case brought in improper district).

[2] In addition to Assurant, Plaintiff has asserted claims against Plaintiff's loan servicer and its affiliates, HSBC Mortgage Corporation (USA) ("HSBC Mortgage") and HSBC Bank (USA), N.A. ("HSBC Bank") (together, "HSBC").  Assurant and HSBC are hereinafter collectively referred to as "Defendants."

[3] HSBC Bank holds its principal place of business in this District and HSBC Mortgage is headquartered in Depew, New York (just outside of Buffalo).  Neither HSBC Bank nor HSBC Mortgage has indicated that they join Assurant in its intention to seek transfer to the District of Delaware.

The Honorable Andrew L. Carter, Jr.<br>
November 11, 2013<br>
Page 2

in and emanate from this District by virtue of the Defendants' operations here.[4] For that reason alone, Plaintiff's chosen forum should be maintained.

**The Balance of Relevant Factors Does Not Weigh in Favor of Transfer.** When a defendant moves to transfer venue pursuant to 28 U.S.C. § 1404 to a jurisdiction where the action could have been brought,[5] courts weigh several factors to determine whether transfer is warranted including those primarily addressed by Assurant's letter: (1) the locus of operative facts; (2) the convenience of parties and witnesses; (3) the weight accorded the plaintiff's choice of forum; (4) the forum's familiarity with the governing law; and (5) trial efficiency and the interest of justice, based on the totality of the circumstances." *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 657 (S.D.N.Y. 1998). To satisfy its burden on its intended motion, Assurant must "make a ***clear and convincing*** showing that the balance of convenience favors defendants' choice." *Berman*, 30 F. Supp. 2d at 657 (citing *Hubbell Inc. v. Pass & Seymour, Inc.,* 883 F. Supp. 955, 962 (S.D.N.Y. 1995)) (emphasis added). Assurant has failed to make this showing.

     **1.** **The Locus of Operative Facts is Located in This District.** Assurant wrongly contends that this District has "no connection to the operative facts." Assurant is correct that Plaintiff resides in Delaware and that the insured property is located in Delaware. However, Assurant omits that the broader context of this suit – *i.e.*, the challenged conduct that affects borrowers like Plaintiff ***nationwide*** – has a stronger tie to this District because the conduct emanates from this District, not Delaware. While Defendants certainly victimized other Delaware citizens with this same conduct, the "locus" of the operative facts is based on Defendants' conduct, not Plaintiff's. Therefore, the inquiry as to the "locus of operative facts" must analyze Defendants, not Plaintiff. Because Defendants have more ties as a group to this District than the District of Delaware, Assurant's intended motion must fail.

     **2.** **The Convenience of Parties and Witnesses Does Not Favor Transfer.** Assurant argues that because "most of the party witnesses reside closer to the District of Delaware than to the Southern District of New York," these factors weigh toward transfer. Assurant's argument is strained and not compelling. First, Plaintiff's choice of forum should not be disregarded for his and his wife's

---

[4] This Court has already determined that the instant case is related to *Lyons v. Litton Loan Servicing, LP*, No. 1:13-cv-00513-ALC-HMP. Assurant is also a defendant in the *Lyons* action. Assurant has ***not*** challenged the *Lyons* plaintiffs' choice of venue, thus showing that Assurant is both amenable to suit in this District and perfectly capable of proceeding with litigation here. Further, the Second Circuit has expressed a strong preference for litigating related claims in the same tribunal. *See Wyndham Associates v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968) ("There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided.").

[5] Plaintiff does not dispute that the action could have been brought in the District of Delaware. However, the burden on Assurant requires more than merely establishing that its proposed venue is proper. Assurant cannot meet this burden.

own purported convenience.[6]  Second, Assurant claims that the District of Delaware is the optimal venue, because it is 130 miles closer to Georgia, the location from which an ASIC representative would travel.  Of course, convenience is not measured by mileage – else the statute and/or case law would only discuss distance in lieu of "convenience."  Assurant's focus on distance is predictable because convenience weighs against Assurant's chosen forum.  The District of Delaware's airport does not have daily flights between Atlanta (where Assurant asserts its witnesses would fly from) and Wilmington.  The Wilmington Airport has no flights from Buffalo.  By contrast, the Southern District of New York has multiple airports each with multiple daily flights to and from both Buffalo and Atlanta.  For those witnesses traveling from Delaware, Amtrak offers hourly service to the Southern District of New York.  Moreover, the parties can arrange for all witnesses to be deposed in their respective locations.  The relevant convenience analysis is thus only whether the witnesses would be unavailable for trial in this District.  Because the witnesses are all, at minimum, equally available for trial in this District, Assurant has failed to meet its burden of establishing that the convenience of witnesses weighs toward transfer.

        3.    **Plaintiff's Chosen Forum Is Worthy of Deference.**  As a general rule, federal courts give deference to a plaintiff's choice of forum.  *See Oil Corp. v Gilberg*, 330 U.S. 501, 508 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").  While more deference is granted when an individual plaintiff brings suit in his home state, a non-resident representative plaintiff's choice of forum cannot be disregarded.  *See Iragorri v. United Techs. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001) ("It is not a correct understanding of the rule to accord deference only when the suit is brought in the plaintiff's home district. Rather, the court must consider a plaintiff's likely motivations in light of all the relevant indications."); *see also DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 28 (2d Cir. 2002) ("Affording less deference to representative plaintiffs does not mean they are deprived of all deference in their choice of forum.").  "The reason is that in a class action 'there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim.'" *Goggins v. Alliance Capital Mgmt., L.P.*, 279 F. Supp. 2d 228, 232 (S.D.N.Y. 2003) (citing cases).  The instant case is brought on behalf of a putative nationwide class of borrowers, and there are likely to be additional plaintiffs residing in numerous districts around the country.  In fact, because of the nationwide nature of the dispute, the logical forum is the forum in which Defendants are principally located – irrespective of where the named plaintiff is.  Moreover, this District is just as capable of handling these additional plaintiffs as any other venue; therefore, Plaintiff's this choice of forum should not be disturbed on this basis.

---

[6] Assurant notes in passing that Plaintiff's co-borrower, Mariam Shafi, a non-party witness, also resides in Delaware.  Assurant does not describe any evidence Ms. Shafi may have that Plaintiff does not already possess.  Courts in this District have made it clear that "the court must qualitatively evaluate the materiality of the testimony that the witnesses may provide," when determining if transfer should be granted.  *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547-48 (S.D.N.Y. 2008) (internal citations omitted).  At this point, Ms. Shafi's materiality as a witness has not been established, nor has her inability or unwillingness to appear in this District; therefore, it would be inappropriate to transfer venue on these grounds.

The Honorable Andrew L. Carter, Jr.<br>
November 11, 2013<br>
Page 4

**4.     Choice of Law Does Not Strongly Weigh Toward Transfer.** Assurant further contends that the case should be transferred because Delaware law governs Plaintiff's claims. This factor "is to be accorded little weight on a motion to transfer venue because federal courts are deemed capable of applying the substantive law of other states." *Prudential Sec. Inc. v. Norcom Dev., Inc.*, No. 97 Civ. 6308, 1998 WL 397889, at *6 (S.D.N.Y. July 16, 1998)). This is particularly true "where no complex questions of foreign law are involved." *Vassallo v. Niedermeyer*, 495 F. Supp. 757, 760 (S.D.N.Y. 1980). Here, Plaintiff brings claims based in common law that this Court is fully equipped to handle. Moreover, notwithstanding Assurant's assertion, it is not at all clear that Delaware law applies to this case. *See, e.g.*, *Kolbe v. Bank of America, N.A.*, No. 11-3030, 2013 WL 5394192, at *5 (1st Cir. Sept. 27, 2013) (holding that the uniform covenants of a mortgage are to be interpreted uniformly irrespective of the state in which the property is located pursuant to federal law.").

**5.     Neither Judicial Economy Nor the Interests of Justice Weigh Toward Transfer.** Assurant argues that judicial economy and the interests of justice favor transfer, but ignores that this action is related to *Lyons v. Litton Loan Servicing, LP*. As discussed above, policy interests favor keeping related cases in the same tribunal, because doing so minimizes duplicative litigation, and saves time and expense for both parties and witnesses. *Columbia Pictures Indus., Inc. v. Fung*, 447 F. Supp. 2d 306, 309 (S.D.N.Y. 2006) (citing *Wyndham Assoc.*, 398 F.2d at 619). "The interests of justice require that the cases be related, not identical." *Columbia Pictures Indus., Inc.*, 447 F. Supp. 2d at 309-10 (citing *Mfrs. Hanover Trust Co. v. Palmer Corp.*, 798 F. Supp. 161, 167 (S.D.N.Y.1992)). Here, similar claims are brought against Assurant in both the instant case and *Lyons*. As a result, the interests of justice and judicial economy support keeping this case in this District.

For all of these reasons, Assurant's motion would be futile. Plaintiff is available to discuss these matters with the Court at the Court's convenience.

Respectfully,

/s/ Patrick F. Madden
*Counsel for Plaintiff*

cc: All Counsel of Record (via Email and ECF)