1622 LOCUST STREET   |   PHILADELPHIA, PA 19103-6305   |   PHONE: 215/875-3000   |   FAX: 215/875-4604   |   WWW.BERGERMONTAGUE.COM



|  | **Patrick F. Madden** |
|---|---|
| WRITER'S DIRECT DIAL | 215/875-3035 |
| WRITER'S DIRECT FAX | 215/875-4604 |
| WRITER'S DIRECT E-MAIL | pmadden@bm.net |

November 18, 2013

**VIA ELECTRONIC MAIL**

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall Unites States Courthouse
40 Foley Square, Room 435
New York, New York 10007

Re:   *Gilmour v. HSBC Bank (USA), N.A.*, **No. 1:13-cv-5896-ALC**

      Plaintiff hereby responds to the November 15, 2013 letter submitted by Defendants American Security Insurance Company ("ASIC") and Assurant, Inc. (together, "Assurant")[1] requesting a pre-motion conference in connection with an intended motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(7). For the reasons set forth in this letter, Plaintiff intends to oppose Assurant's intended motion to dismiss.

      **The Filed Rate Doctrine Does Not Preclude Plaintiff's Claims.** Assurant's contention that the filed rate doctrine precludes Plaintiffs' claims is meritless and has been rejected by numerous federal courts.[2] The filed rate doctrine has no applicability to any of Plaintiff's claims. Indeed, Plaintiff does not challenge an insurance rate itself; Plaintiff disputes the illicit dealings between HSBC and Assurant, and their manipulation of the force-placed insurance process to the detriment of borrowers. *See* Complaint ¶ 14 and n.1 ("Plaintiff challenges in this Class Action Complaint the manner in which HSBC manipulated the force-placed insurance process for its own financial gain."). Because Plaintiff is not challenging the rates filed with the Delaware Department of Insurance,

---

[1] In addition to Assurant, Plaintiff has asserted claims against Plaintiff's loan servicer and its affiliates, HSBC Mortgage Corporation (USA) and HSBC Bank (USA), N.A (together, "HSBC"). Assurant and HSBC are hereinafter collectively referred to as "Defendants."

[2] *See, e.g.*, *Simpkins v. Wells Fargo Bank, N.A.*, No. 12-cv-768, 2013 WL 4510166, at *13 (S.D. Ill. Aug. 26, 2013); *Leghorn v. Wells Fargo Bank, N.A.*, No. 13-cv-708, 2013 WL 4510166, at *19-21 (N.D. Cal. June 19, 2013); *Gustafson v. BAC Home Loans Servicing, LP*, No. 11-cv-915, 2012 WL 7071469, at *13 (C.D. Cal. Dec. 20, 2012); *Ellsworth v. U.S. Bank, N.A.*, 908 F. Supp. 2d 1063, 1081-83 (N.D. Cal. 2012).

The Honorable Andrew L. Carter, Jr.<br>
November 18, 2013<br>
Page 2

Assurant's argument that this Court lacks subject matter jurisdiction over the claims fails.[3] For the same reason, Assurant's contention that Plaintiff has not exhausted his administrative remedies is meritless; there are no administrative remedies that Plaintiff must pursue before bringing claims in this Court.

**Plaintiff Properly Asserts Subject Matter Jurisdiction Over Assurant, Inc.** Assurant argues that Plaintiff lacks standing to assert claims against Assurant. This argument fails because Plaintiff has alleged with specificity that Assurant directly participated in the force-placed insurance abuses outlined in the Complaint. Complaint ¶¶ 13, 67, 70. Further, as Plaintiff cited in his Complaint, Assurant's own public filings with the Securities and Exchange Commission demonstrate its substantial involvement in the forced placement of insurance at issue here. Complaint ¶ 13. Assurant has publically stated that it offers its force-placed insurance products through its Assurant Specialty Property Segment, and that "Assurant Specialty Property establishes long-term relationships with leading mortgage lenders and servicers." Complaint Exhibit L, 2012 Assurant 10-K at 4. This public filing also shows that Assurant is not just a passive holding company. It is deeply involved in the operations of its subsidiaries; therefore, Plaintiff has sufficient standing to base his claims against Assurant.

**Plaintiff Has Standing to Pursue Claims on Behalf of a Nationwide Class.** Assurant misconstrues the situation. A lead plaintiff in a class action meets the requirements of Article III standing by alleging actual injury due to the defendant(s)'s conduct. *See generally Hein v. Freedom From Religion Found., Inc.*, 127 S. Ct. 2553, 2562 (2007). Once the lead plaintiff's Article III standing is demonstrated, the question of whether that lead plaintiff may assert claims on behalf of the proposed class is an issue for class certification. *See, e.g.*, *Sosna v. Iowa*, 419 U.S. 393, 402-03 (1975); *see also* Alba Conte & Herbert B. Newberg, *Newberg on Class Actions* § 2.5 (4th ed. 2002, updated 2007) ("Whether or not the named plaintiff who meets individual standing requirements may assert the rights of absent class members is neither a standing issue nor an Article III case or controversy issue but depends rather on meeting the prerequisites of Rule 23 governing class actions."); *In re ML-Lee Acquisition Fund II, L.P.*, 848 F. Supp. 527, 561 (D. Del. 1994) (rejecting defendants' "standing" challenge to plaintiffs' class certification motion as an ineffective attack on typicality). Here, Plaintiff clearly has standing and Plaintiff's claims are based on conduct by Assurant that uniformly affects all absent class members across the country in the same way that it affects Plaintiff. Moreover, courts in this District and around the country have held that class certification is antecedent to standing. *See e.g. In re Buspirone Patent Litigation,* 185 F. Supp. 2d 363, 377 (S.D.N.Y. 2002) (Koeltl, J.) (opting to decide class certification issues before ruling on a standing challenge grounded in the lack of named plaintiff to assert claims based in other states' laws because "[i]f certification is granted, the proposed class would contain plaintiffs who have personal

---

[3] Likewise, Assurant's reliance on Exhibit 1 to its November 15, 2013 letter, *In re Rates, Rating Plans or Rating Systems of American Security Ins. Co.*, No. OV-01-01-8309 (Cal. Ins. Comm'r Apr. 18, 2002) is inapposite. *In re Rates, Rating Plans or Rating Systems of American Security Ins. Co.* is a petition for a rate hearing before the Insurance Commission of the State of California. As previously discussed, Plaintiff does not challenge Assurant's filed rates.

The Honorable Andrew L. Carter, Jr.<br>
November 18, 2013<br>
Page 3

standing to raise claims under the laws governing purchases in all of the fifty states"). Any challenges to Plaintiff's standing are premature at this point.

**Plaintiff's Allegations of Backdating Are Properly Pleaded.** Assurant improperly backdated Plaintiff's force-placed hazard insurance policy to cover a period of time that had already elapsed and for which there was no risk of loss. Complaint ¶¶ 48-50, 65. Courts across the country have upheld claims challenging such backdating practices in analogous force-placed insurance litigation, including in cases against Assurant's co-defendant, HSBC. *See Montanez v. HSBC Mortg. Corp.*, 876 F. Supp. 2d 504, 513 (E.D. Pa. 2012) ("[HSBC] was not entitled to use its discretion to obtain secret kickbacks on policies or charge plaintiffs for insurance covering periods of time that had passed without damage occurring to the property."); *see also Simpkins*, 2013 WL 4510166, at *3 ("The contract[s] do not authorize Wells Fargo to place backdated insurance for periods of time that have expired"); *Leghorn*, 2013 WL 3064548 (denying motion to dismiss causes of action challenging backdating). Plaintiff has adequately alleged that the force-placed insurance policy was inappropriately backdated.

**Assurant Was Unjustly Enriched.** Plaintiff's Complaint sufficiently pleads a claim for unjust enrichment under Delaware law. Contrary to Assurant's contention, Plaintiff is not attempting to circumvent traditional contract principles. There exists no contract between Plaintiff and Assurant. Plaintiff's allegations against Assurant stem from Assurant's part in manipulating the force-placed insurance industry, not a contractual relationship. Plaintiff has alleged the existence of "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." *Resnik v. Woertz*, 774 F. Supp. 2d 614, 633-34 (D. Del. 2011); Complaint ¶¶ 101-110. Plaintiff has reason to believe that Assurant directly profited from the benefit conferred upon it by Plaintiff, and Plaintiff is entitled to discovery to show this arrangement.[4]

**Plaintiff's Conversion Claim is Proper.** Plaintiff properly brought a claim for conversion against Assurant based on the conversion of Plaintiff's escrow funds. Plaintiff alleges that Defendants withdrew specific and readily identifiable funds from Plaintiff's and members of the Escrow Subclass' escrow accounts. Complaint ¶ 122. Plaintiff does not simply allege that unidentifiable money was converted; rather, Plaintiff specifically alleges that unique funds contained within these escrow accounts were converted by Defendants. Complaint ¶¶ 122-25. Without the benefit of discovery, it is impossible to know whether HSBC or Assurant was actually responsible for the withdrawal of funds. It is therefore premature to dismiss Plaintiff's conversion claim.

**Plaintiff Properly Alleged that Assurant Violated the Delaware Consumer Fraud Act ("DCFA").** As Plaintiff detailed in his Complaint, Defendants fraudulently and materially misrepresented the nature of the hazard insurance that Defendants' force-placed on Plaintiff and the Delaware Subclass' property. Complaint ¶ 133. The DCPA pleading requirement is satisfied "so long as the circumstances of the alleged fraud are [pled] sufficiently 'to place defendants on notice of

---

[4] Assurant's reliance on *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 58-59 (Del. Ch. 2012) in support of its contention is inappropriate. *Vichi* was decided on summary judgment, after parties had the benefit of full discovery.

The Honorable Andrew L. Carter, Jr.<br>
November 18, 2013<br>
Page 4

the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" *Coleman Dupont Homsey v. Vigilant Ins. Co.*, 496 F. Supp. 2d 433, 439 (D. Del. 2007) (quoting *Seville Indus. Machinery Corp. v. Southernmost Machinery Corp.*, 742 F. 2d 786, 791 (3d Cir. 1984)). Here, Plaintiff put Defendants on notice of their false and deceptive representations contained in the mortgage and each letter sent to Plaintiff that discussed forced placement. Complaint ¶¶ 52, 55, 61, 63-65, 133.

**Plaintiff Has Not Failed to Join a Necessary Party.** Assurant has an affirmative duty to prove that a purported necessary party must be added to the action lest it would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. Rule 19(a)(1)(B)(ii); *see McClain v. Wells Fargo Bank, N.A.*, No. C 11-5020 SBA, 2012 WL 851402 (N.D. Cal. Mar. 13, 2012) (requiring moving party to show that a co-borrower is an indispensable party-plaintiff). Assurant has not met and cannot meet this burden.

For all of these reasons, Assurant's motion would be futile. Plaintiff is available to discuss these matters with the Court at the Court's convenience.

Respectfully,

/s/ Patrick F. Madden
*Counsel for Plaintiff*

cc: All Counsel of Record (via Email and ECF)