1622 LOCUST STREET    |    PHILADELPHIA, PA 19103-6305    |    PHONE: 215/875-3000    |    FAX: 215/875-4604    |    WWW.BERGERMONTAGUE.COM



|  | **Patrick F. Madden** |
|---|---|
| WRITER'S DIRECT DIAL | 215/875-3035 |
| WRITER'S DIRECT FAX | 215/875-4604 |
| WRITER'S DIRECT E-MAIL | pmadden@bm.net |

November 29, 2013

<u>VIA ECF AND EMAIL</u>

Hon. Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

     Re:    <u>Gilmour v. HSBC Bank (USA), N.A., et al./Case No. 1:13-cv-05896-ALC</u>

Dear Judge Carter:

     Plaintiff respectfully requests that the Court deny Defendants' request to stay briefing on Defendants' motion to dismiss. Such a stay would cause damage to Plaintiff and members of the class. Further, Defendants have failed to meet their heavy burden by demonstrating a "clear case of hardship or inequity."[1]

     As a preliminary matter, Defendants' request would not preserve any judicial resources whatsoever. If the Court is inclined to transfer this action, the Court is free to do so without expending any resources on the motions to dismiss despite the fact that the motions will have been fully briefed. If the Court is not inclined to transfer this action – and Plaintiff's position is that venue is proper here, that Defendants have not and cannot satisfy their burden to show

---

[1] A district court has the inherent power "to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In deciding whether or not to stay an action, the court looks to the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996) (quoting *Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)). "[I]f there is even a fair possibility that the stay for which [the movant] prays will work damage to someone else," the movant "must make a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.



Hon. Andrew L. Carter, Jr.
November 29, 2013
Page 2

transfer is warranted, and that this action should not be transferred – then staying briefing on the motions to dismiss and other motion to transfer will severely and unnecessarily delay this action.

Pursuant to the Court's November 14, 2013 order, briefing on Assurant's motion to transfer will not be completed until February 18, 2014.  The Court's order on that motion will not be issued until some time after that date.  Thus, by staying briefing on the motions to dismiss (and, in HSBC's case, transfer), decisions on those motions will be delayed until well into 2014 or 2015.  Such a significant delay is not warranted here.

Defendants' request is also an unnecessary and unjustified attempt to delay this action by treating each motion in piecemeal fashion.  The HSBC Defendants have been granted leave to file a motion to dismiss or, in the alternative, transfer this action to the Eastern District of Pennsylvania.  HSBC has requested that this matter be transferred to the Eastern District of Pennsylvania (where this case could not have originally been brought) on the grounds that another action pending there is the "first-filed" action.  The Assurant Defendants styled their request as two motions, one to dismiss and one to transfer to the District of Delaware.  Now, having already taken the position that this case should be transferred to the Eastern District of Pennsylvania, HSBC has asked that the Court **defer ruling on its own motions** until ruling on the Assurant Defendants' motion to transfer to a completely different district.

This request is a transparent attempt to delay this action.  Assurant's transfer motion based on convenience of the parties cannot resolve HSBC's transfer motion based on the "first-filed case" rule.  If Assurant's motion to transfer is decided alongside the HSBC motion, HSBC may lose its own motion.  If Assurant's motion to transfer to the District of Delaware is decided without a ruling on HSBC's motion, however, HSBC can further delay this action by again moving to transfer this action to the Eastern District of Pennsylvania once this Court has transferred the case to Delaware.  Thus, HSBC's request actually creates the potential for an **increased** burden on the federal judiciary as a whole and does nothing to expedite the case or preserve either the parties' resources or judicial resources.  The only way to preclude such a result is for the Court to consider all of the intended motions contemporaneously.

In addition, Defendants' argument that the resources of the parties will be conserved is only minimally true.  Assurant's counsel and Plaintiff's counsel have briefed dozens of motions to dismiss in force-placed insurance actions.  HSBC's counsel has, likewise, briefed these same issues multiple times on motions to dismiss.  This is not a new or novel area of law that would create a large burden on any counsel or party involved here.  Thus, the harm to Plaintiff in delaying briefing on Defendants' motion to dismiss far outweighs the minor hardship to Defendants in having to brief the pending motions immediately instead of after the Court's decision on the motion to transfer.

Moreover, the public has an interest in an expedited resolution of this matter.  Numerous individuals continue to suffer injuries as a result of Defendants' manipulation of the force-placed insurance process for their own financial gain.  Should Defendants' briefing on their motions to dismiss be stayed, these individuals would continue to suffer undue injury.  The public's interest



Hon. Andrew L. Carter, Jr.
November 29, 2013
Page 3

in an expedited resolution of this matter clearly weighs in favor of denying Defendants' request to stay motion to dismiss briefing.

    For all these reasons, Defendants' request for a stay should be denied.  Plaintiff is available to discuss these matters with the Court at the Court's convenience.

    Respectfully,

    /s/ Patrick F. Madden
    *Counsel for Plaintiff*

Cc: all Counsel of Record (via Email and ECF)